UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALVARO DAVID DURAN
LINAREZ,

      Petitioner,

   v.                      Case No.:  2:26-cv-01361-SPC-DNF

WARDEB, GLADES COUNTY
DETENTION CENTER,

      Respondent,

                               /

## **OPINION AND ORDER**

Before the Court are Alvaro David Duran Linarez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Duran Linarez is a native and citizen of Venezuela who entered the United States on August 10, 2022. Immigration officials apprehended him at the border, issued a notice to appear, and released him on recognizance pending a final administrative decision on removal.  He has three children in the U.S., a pending asylum claim, and no serious criminal record.  Border Patrol arrested Duran Linarez during a traffic stop on November 3, 2025, and he has been in Immigration and Customs Enforcement custody since then.

Duran Linarez filed a prior habeas petition in the Southern District of Florida.  On February 18, 2026, Judge Donald Middlebrooks granted the petition and ordered the respondents to afford Duran Linarez a prompt,

individualized bond hearing before an immigration judge.  On March 4, 2026, an immigration judge denied bond because Duran Linarez "has not met his burden of demonstrating that he is not a risk of flight." (Doc. 1-1 at 13).  Duran Linarez has appealed the decision to the Board of Immigration Appeals.  In his second habeas petition, Duran Linarez claims the bond hearing was unfair and failed to satisfy due process requirements.

The government argues 8 U.S.C. § 1226(e) strips the Court of jurisdiction.  It states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  The Supreme Court has interpreted § 1226(e) to allow habeas claims and constitutional challenges to bond procedures and the statutory framework that permits immigration detention.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("Because the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision,' respondents' challenge

2

to the statutory framework that permits their detention without bail falls outside the scope of § 1226(e)." (cleaned up)).

Duran Linarez's habeas claim is best understood as a challenge to the immigration judge's discretionary decisions rather than a challenge to the bond procedure or the framework that authorizes detention.   Duran Linarez's factual allegations are full of equivocations, and he does not make any clear, specific factual allegation that amounts to a procedural due process violation. He claims he "was not allowed to *fully* present his case" or to "speak *meaningfully* in his own defense," and he claims there was "no *proper* individualized analysis was conducted." (Doc. 1 at 6 and 11).  These are attacks on the actions and discretionary decisions the immigration judge made in the bond hearing, not the procedure or framework underlying it.

The proper way to challenge the immigration judge's discretionary bond decision is appeal to the Board of Immigration Appeals.  If Duran Linarez believes the government failed to comply with Judge Middlebrooks' order granting habeas relief, he should file a motion in the Southern District of Florida case.

Accordingly, it is hereby **ORDERED**:

Alvaro David Duran Linarez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4